No. 990

## McGARRY et v. LENTZ et

### U. S. Appeals, 6th Circuit

No. 4625. Decided May 4, 1926

**515a. FEDERAL COURTS—Jurisdiction of federal courts in cases in which federal courts of equity have heretofore assumed jurisdiction, cannot be controlled or limited by state legislation.**

**555. FRATERNAL ASSOCIATIONS—State statutory provisions, limiting the rights of members of a fraternal benefit society, becomes a part of the contract of membership and they control in defining such members rights.**

HICKENLOOPER, D. J.

Frank McGarry and others, as members and policy holders of the American Insurance Union, filed a bill in equity in the District Court against the corporation and individuals constituting its national board of directors, praying that the defendants be restrained from proceeding with purchase of land and the erecting of a certain building thereon, claiming to be for investment purposes in violation of the law of Ohio.

The defendants admitted the proposed investment, but alleged that 9487 GC. relating to fraternal benefit societies provides that no application for an injunction against such society or branch thereof shall be entertained by any court unless made by the attorney general.

The court held this section to constitute a complete defense and the bill was dismissed. Appeal was prosecuted and the Circuit Court of Appeals held:

1. The issue is controlled by the application of the provisions of 9487 GC. as to affecting rights asserted in federal courts of equity; which are dependent upon whether the purpose of this section is to define the jurisdiction in this state or whether it is to merely regulate corporations created under its laws.

2. The state legislature can neither regulate, limit or control the jurisdiction of federal courts nor preclude them from taking jurisdiction in cases of which federal courts of equity have heretofore assumed jurisdiction.

3. The membership of the American Insurance Union being so widespread, it would seem appropriate that the state should control and supervise affairs of organizations of this sort in a manner similar to that exercised in case of insurance companies.

4. The statutory provisions that the Attorney General bring suit is purely regulatory when considered in the light of the quasi public nature of fraternal societies and the necessity of and reason for a centralization of management, protected from attack except in the general interest of all, as represented by the Attorney General.

5. When McGarry et al. became policy holders in the Union, the enactment was in existence, and by their acceptance of the policies, the provisions of 9487 GC. were read into their contracts and they in effect agreed to prosecute no application for injunction against this society; and that the affairs of the society could not be made the subject of litigation except by the action of the Attorney General.

Judgment therefore affirmed.

Attorneys—Bennett, Westfall & Bennett and Vorys, Sater, Seymour & Pease for McGarry et; Henry A. Williams, J. D. Karns, & B. W. Gearheart for Lentz et; all of Columbus.